

mwe.com

Richard I. Scharlat
Attorney at Law
rscharlat@mwe.com
+1 212 547 5421

November 23, 2020

<u>Via ECF</u>
Honorable Ann Marie Donio, U.S.M.J.
United States District Court for the
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets - Courtroom 3B
Camden, New Jersey 08101

  Re: <u>Petre v. Alliance Healthcare Management, LLC, et al.; 20-cv-09002 (RBK/AMD)</u>

Dear Judge Donio:

  This firm represents defendants in this matter. We respectfully submit this letter pursuant to Local Civ. R. 37.1(a)(1) and Fed. R. Civ. P. 26(c) in connection with moving for a stay of discovery and all corresponding pretrial deadlines in this action until defendants' pending motion to dismiss plaintiff's complaint (the "Complaint") in its entirety (the "Motion") is decided.

  Defendants filed the Motion almost four (4) months ago, on August 6, 2020. The Complaint, which was removed to this court on July 16, 2020, sets forth three causes of action against all defendants: "Violations of the Conscientious Employee Protection Act" under *N.J.S.A*. 34:19-1 *et seq.* ("CEPA") (Count I); "Violations of New Jersey Common Law(s)" - Retaliatory Termination (Count II); and "Violations [*sic*] the False Claims Act ("FCA")" - Retaliatory Termination pursuant to 31 U.S.C. §3730(h) (Count III). Dkt. No. 1, Exhibit A. These causes of action turn on the theory that plaintiff's employment was terminated because she raised concerns about certain residents at defendant Cooper Care, LLC ("Cooper"), a skilled nursing facility, disenrolling from Medicare Advantage ("MA") and enrolling in original Medicare ("OM"). Plaintiff purportedly believed that MA was private insurance, and not part of Medicare and, therefore, disenrolling from MA and enrolling in OM violated the Medicare Secondary Payer ("MSP") rules.

  On August 11, 2020, the Court entered a scheduling order (the "Scheduling Order") setting the close of pretrial factual discovery on February 15, 2020. Since then, mindful of the law in this District that the filing of a motion to dismiss alone does not warrant a stay of discovery, defendants: (1) preserved and collected documents, including electronically stored information ("ESI"), using <u>all</u> the search terms demanded by plaintiff; (2) responded to interrogatories and document requests; and (3) produced a number of documents after an initial review.



340 Madison Avenue   New York NY 10173-1922   Tel +1 212 547 5400   Fax +1 212 547 5444

*US practice conducted through McDermott Will & Emery LLP.*

Hon. Ann Marie Donio, USMJ
November 23, 2020
Page 2

    Plaintiff's counsel has now served deposition notices for eight (8) fact witnesses and expressed an intention to subpoena additional non-party fact witnesses. Plaintiff's counsel also served a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) in connection with the ESI search and collection undertaken by defendants. With plaintiff pressing for up to a dozen depositions -- including an improper foray into privileged communications about the ESI search and collection[1] -- and with more than 30,000 documents to review and redact, a stay of discovery and all corresponding pretrial deadlines until the resolution of the Motion is now warranted.

    On September 14, 2020, defendants served responses and objections to plaintiff's interrogatories and documents requests and produced 128 documents, indicating that any further production would be done on a rolling basis.

    On October 6, 2020, plaintiff's counsel served deposition notices for eight (8) fact witnesses to take place in October 2020 and expressed an intention to subpoena multiple non-party fact witnesses. Plaintiff's counsel also served a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) in connection with ESI in October 2020.

    On October 16, 2020, defendants wrote to plaintiff's counsel explaining that no depositions should be taken before December 2020 at the earliest, to allow time for the Motion to be resolved. Between October 16, 2020 and November 16, 2020, counsel met and conferred by correspondence about whether discovery, and specifically depositions, should proceed.

    Plaintiff's counsel's intention to move forward with depositions is clear from her correspondence. In two separate emails dated November 2, 2020, plaintiff's counsel wrote that if depositions did not proceed, she would raise the issue with the Court and that defendants' recourse was to seek a protective order. In light of plaintiff's insistence on moving forward with depositions and additional paper discovery, defendants' now seek a stay of discovery and all pre-trial deadlines in the Scheduling Order until the Court rules on the Motion.

    A stay pursuant to the "good cause" standard under Fed. R. Civ. P. 26(c) is justified in this matter because of: (1) the absence of any undue prejudice to plaintiff if discovery is stayed; (2) the harm to defendants if discovery is not stayed; (3) the likelihood that the Motion will eliminate, or at the very least materially limit, the need for any discovery; and (4) no trial date having been set. *See Actelion Pharms. Ltd. v. Apotex Inc.*, No. 12-5743, 2013 WL 5524078 at *3 (D.N.J. Sept. 6, 2013) (Donio, J.).

(1) <u>The Stay Will Not Prejudice Plaintiff's Case if the Motion is Denied</u>

    Plaintiff will not suffer any prejudice from the entry of a stay pending the resolution of the Motion, let alone the required undue prejudice. First, plaintiff seeks no injunctive relief, and the claims

---

[1] If plaintiff's counsel continues to insist on taking the 30(b)(6) deposition related to ESI, this deposition would be the subject of a motion for a protective order on separate grounds.



Hon. Ann Marie Donio, USMJ
November 23, 2020
Page 3

in the Complaint do not implicate any time-sensitive issues.  Second, defendants have taken care to preserve and collect ESI as sought by plaintiff.  Interrogatories have been answered, responses to document requests provided, and documents have been preserved -- and some produced.

Notably, that discovery has begun does not weigh against issuing a stay at this juncture. *Galarza v. Whittle-Kinard*, Civ. No. 16-cv-00764 (ES)(SCM), 2017 WL 2198182 (D.N.J. May 18, 2017) at *4-5.  In *Galarza*, some discovery had been exchanged between certain parties and depositions had been noticed but discovery was still in "in its infancy stage." *Id.* at 5-7.  And, like in *Garza,* plaintiff's counsel has not, and cannot, identify any witnesses that need to be deposed before the Court rules on the motion to dismiss. *Id.* at 5.

The first fact discovery cut-off date set in this matter is not until February 15, 2020.  Dkt.  No. 11.  Plaintiff can wait for resolution of the Motion without any, let alone a clear, tactical disadvantage, and can ultimately proceed on the merits of her claims if the Motion is denied in whole or in part.  There is simply no need for any further discovery until a decision is made on the Motion.  Accordingly, this factor weighs in favor of a stay.

      (2)      <u>Denial of the Stay Creates a Clear Hardship and Inequity for Defendants</u>

In contrast, denial of a stay will create a clear case of hardship and inequity for defendants.  More discovery of the sort plaintiff seeks, including the review of hundreds of thousands of documents and a dozen depositions, while the Motion is pending unnecessarily imposes on defendants a significant burden and a waste of time and resources.

The initial review of the 32,352 documents collected -- resulting from plaintiff's counsel's chosen list of search terms and custodians -- confirmed that a full linear review of all these documents would require approximately 800 hours to complete.  Five (5) people working full time on this review would require four (4) weeks to complete first-level review of these documents.  Even if the review was completed at the very lowest rate for attorney billers, this review would cost defendants more than $220,000.  And, this time and cost estimate only considers first-level review and assumes full time attention to the review by the assigned attorneys for a month.

Additionally, plaintiff's search terms and document requests call for many documents containing extensive Protected Health Information (PHI).  As a result, a second level of review to redact portions of these documents is necessary to comply with HIPAA.  This PHI redaction review will require an additional 70 hours and add more than $20,000 to defendants' costs.  Moreover, unnecessary disclosure of PHI should be avoided; if the Court grants the Motion, there will be no basis for Plaintiff to receive this patient information, and defendants should not be required to produce it until that determination is made. Finally, quality control, production clean up, and completing a privilege log would also be necessary to complete this document production, and will add even more to the overall expense.



Hon. Ann Marie Donio, USMJ
November 23, 2020
Page 4

In sum, if no stay is issued, defendants will incur hundreds of thousands of dollars of discovery costs -- which would be a complete waste of money if the Motion is granted, and a substantial waste money even if the Motion is only granted in part. As such, this factor also weighs in favor of the issuance of the stay.

    (3)   <u>If the Motion is Granted, the Need for Discovery Will Be Eliminated</u>

The Motion seeks dismissal of the Complaint in its entirety. The stay will allow for a decision on the Motion to be rendered and, if it is granted, the need for discovery would be eliminated. If partially granted, the Motion would eliminate discovery in connection with CEPA or the FCA.[2]

To be sure, defendants have submitted strong arguments in support of the Motion. First, MA is obviously Medicare and not private insurance. As such, switching from MA to OM is simply switching from one form of Medicare to another form of Medicare and does not violate the MSP rules. Second, as briefed extensively (Dkt. Nos. 10, 14, 15), plaintiff actually admits in the Complaint -- and again in her opposition brief -- that she knew MA was Medicare and not private insurance <u>and</u> that switching between two forms of Medicare does not violate any law, regulation, or public policy.

Indeed, this case presents an unusual scenario in which a plaintiff has made judicial admissions that she knew the conduct underpinning her "whistleblower" retaliation claims was actually legal. As such, as a matter of law, there can be no substantial nexus between the alleged conduct -- that plaintiff admits knowing was lawful -- and the violation of any law such that her CEPA of FCA claims should survive the Motion. In other words, no fact finder could ever conclude that plaintiff had an objectively reasonable belief that defendants' conduct was unlawful because she outright pleads that she knew it was lawful. Certainly, in this light, the Motion "'does not appear to be without foundation in the law.'" *Actelion supra*, at \*5 (quoting *Victor v. Huber*, No. 12-cv-282, WL 2564841 at \*2 (M.D. Pa. July 2, 2012)).

The potential that no additional, or limited, discovery would be needed after the Motion is resolved weighs heavily in favor of issuing the stay based on this factor as well.

    (4)   <u>Discovery is In Its Infancy and No Trial Date has Been Set</u>

This Court in *Actelion* was presented with a procedural posture very similar to this case:

> With respect to whether discovery is complete and whether a trial date has been set, the Court notes that the case remains in its initial stages and no trial date has been set. Moreover, Plaintiff's complaint was filed on September 14, 2012 … with the present motion filed shortly thereafter on January 16, 2013. Such temporal

---

[2] Indeed, if the FCA cause of action is dismissed, this Court may choose not to retain supplemental jurisdiction of the remaining causes of action. *See* 28 U.S.C. § 1367(a).



Hon. Ann Marie Donio, USMJ
November 23, 2020
Page 5

> proximity supports the issuance of a stay because no party had engaged in significant production or protracted motion practice. Therefore the Court finds this factor likewise favors entry of a stay.

*Actelion supra* at *6. Similarly, in this case, the parties have not engaged in significant discovery -- indeed the lion's share of document production and all depositions lie ahead if the Motion is denied. Additionally, there is no trial date set in this matter. Dkt. No. 11. Thus, this last factor also clearly weighs in favor of the issuance of a stay of discovery and all pre-trial deadlines in this matter until the Motion is resolved.

    Accordingly, defendants respectfully request to move for a stay of discovery and all pre-trial deadlines in this matter under the Motion is resolved.

Respectfully submitted,

Richard I. Scharlat

cc: Christine Burke, Esq. (via ECF)

